UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN K. WHITE,<br><br>                          Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and Does 1-10,<br><br>                        Defendants. | Case No.: 18cv00402-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the motion to dismiss filed by Defendant Navy Federal Credit Union (ECF No. 4) and the motion to dismiss filed by Defendant Trans Union, LLC. (ECF No. 16).

### I.    PROCEDURAL BACKGROUND

    On February 22, 2018, Plaintiff Sean K. White initiated this action against Defendants Navy Federal Credit Union ("NFCU"); Equifax, Inc.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; Transunion, LLC ("Trans Union");

and Does 1-10 by filing a complaint for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681, and related state law causes of action. (ECF No. 1).

On March 22, 2018, NFCU filed a motion to dismiss. (ECF No. 4). On March 28, 2018, White filed a response in opposition. (ECF No. 19). On April 23, 2018, NFCU filed a reply. (ECF No. 25).

On March 28, 2018, Trans Union filed a motion to dismiss. (ECF No. 16). On April 11, 2018, White filed a response in opposition. (ECF No. 24).

## II.  FACTUAL ALLEGATIONS OF THE COMPLAINT

On November 16, 2017, White sent a letter to NFCU which is titled "Notice of Dispute" and "demand[s] validation of an alleged account." (ECF No. 1 at 4–5). The letter states in part,

> Thank you for the statement of November 13, 2017 that your institution recently sent me, expecting payment for an alleged debt. This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq.*** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

(ECF No. 1-3 at 2). The letter demands "verification" of the alleged debt and requests additional information from NFCU including "[a] complete statement of Damages, including each and every loss that [NFCU] incurred under the alleged agreement" and "[a] front and back, true and correct copy of the alleged signed document bearing my signature (full & complete disclosure), and a detailed copy of the alleged account." *Id*. at 3. The letter also states, "**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a 'notice of dispute' on my account within (30) days after receiving the dispute letter.**" *Id*. at 4.

White sent additional letters to NFCU on December 5, 2017, December 25, 2017, January 8, 2018, and January 26, 2018 which are identical in relevant part. (ECF No. 1 at

4; ECF No. 1-3 at 8–31). White sent Defendants Equifax, Experian, and Trans Union these notices of the dispute of his accounts with NFCU. (ECF No. 1 at 5; ECF No. 1-5).

NFCU "sent purported responses to said Notices of Dispute" to White on or about December 19, 2017, January 5, 2018, and January 23, 2018. (ECF No. 1 at 5). In each letter, NFCU informed White that it was in receipt of White's letters regarding the credit card accounts and stated, "This is a valid debt, and you remain responsible for its repayment." (ECF No. 1-4 at 1–4).

Defendant Trans Union and the other defendant credit reporting agencies "continue to prepare and publish false consumer reports." (ECF No. 1 at 8). White's "credit report shows that Defendants EQUIFAX, EXPERIAN, and TRANS are not reporting Plaintiff's disputes as of the filing of this Complaint." *Id.* at 5. In the alternative, Defendants Equifax, Trans Union, and Experian "have reported and then removed the dispute." *Id.* at 6.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

### IV. MOTION TO DISMISS BY NFCU (ECF No. 4)

White brings causes of action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, breach of contract-fraud, negligence, and defamation against NFCU.

### A. Fair Credit Reporting Act Claim

NFCU contends that the alleged facts do not constitute a violation of the FCRA. (ECF No. 4-1 at 3). NFCU contends that White fails to allege that NFCU continued to report "purported inaccuracies after being advised by a credit reporting agency of a dispute." *Id*. White asserts that he sent notices of dispute to NFCU. (ECF No. 19 at 1). White contends that a consumer has a private right of action "against a furnisher of information for damages for violation of its § 1681s-2(b) reinvestigation duties." *Id*. at 6.

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes duties on "furnishers" as well as imposing responsibilities on the consumer reporting agencies. *See* 15 U.S.C. § 1681s-2; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Section 1681s-2 sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies.'"). Section 1681s-2(b) imposes obligations on furnishers that are "triggered 'upon notice of

dispute' – that is, when a person who furnished information to a [consumer reporting agency] receives notice from the [consumer reporting agency] that the consumer disputes the information." *Gorman*, 584 F.3d at 1154. Pursuant to section 1681s-2(b)(1), after receiving notice of a dispute, a furnisher must "conduct an investigation with respect to the disputed information" among other responsibilities. 15 U.S.C. § 1681s-2(b)(1)(A). "[T]hese duties arise only after the furnisher receives notice of dispute from a [consumer reporting agency]; notice of dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

In this case, White alleges that he sent notices of disputes to NFCU, an alleged furnisher of information, and to the defendant credit reporting agencies. White fails to allege sufficient facts to support a reasonable inference that NFCU received a notice of dispute from a consumer reporting agency. White fails to allege facts to support a claim under § 1681s-2(b).[1] The FCRA claim against NFCU is dismissed.

**B. Breach of Contract – Fraud**

NFCU contends that White fails to state a breach of contract claim because the allegations of the complaint do not support the existence of any contract. (ECF No. 4-1 at 5). NFCU contends that the complaint lacks the specific factual allegations required to state a claim for fraud. *Id*. at 6.

White contends that he properly states a claim for breach of contract. White contends that "[i]f there is a contract between [NFCU] and [White], it will be requested through discovery." (ECF No. 19 at 7). White contends that the complaint states a claim for fraud with the requisite specificity. *Id*.

Under California law, the elements of a breach of contract claim are: "(1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) defendant's

---

[1] Section 1681s-2(a) also imposes duties upon furnishers of information. However, there is no private right of action under section 1681s-2(a); a violation of this section can be pursued only by federal or state officials, and not by a private party. *See* 15 U.S.C. § 1681s-2(c)(1); *Gorman*, 584 F.3d at 1162. Accordingly, White cannot bring a claim under 15 U.S.C. § 1681s-2(a).

breach, (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 80 Cal. Rptr. 3d 6, 12 (Ct. App. 2008). "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc., v. TIG Specialty Ins. Co.*, 57 P.3d 372, 377 (Cal. 2002).

In this case, White alleges that NFCU "breached the alleged contract by not disclosing the fact that it will/did not use its own money, committing acts of *ultra vires*. This act constitutes fraud. Fraud vitiates the most solemn contract." (ECF No. 1 at 10–11). White fails to allege facts sufficient to demonstrate the existence of a contract or the legal effect of a contract. NFCU's motion to dismiss the "breach of contract – fraud" claim is granted.

**C. Negligence and Defamation**

NFCU contends that the negligence and defamation claims premised on furnishing information to a consumer reporting agency are preempted by the FCRA. (ECF No. 4-1 at 7). NFCU contends that White's defamation and negligence claims cannot be excluded from preemption under section 1681h(e) because White fails to allege facts to support an inference that NFCU acted with malice. *Id.* at 8.

White contends that his negligence and defamation claims are not preempted and that he sufficiently alleges malice.[2] (ECF No. 19 at 8). White asserts that NFCU "reported and continued to report erroneous/derogatory information to the CRAs while [White] made disputes and demands for [NFCU] to correct said information[.]" *Id.* White contends that this constitutes a malicious act. *Id.*

Section 1681h(e) of the FCRA states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any

---

[2] White asserts that the FCRA does not preempt claims brought under California Civil Code section 1785.25. The Ninth Circuit has determined that California Civil Code section 1785.25(a) is not preempted by FCRA. *Gorman*, 584 F.3d at 1172–73. However, White does not allege a violation of California Civil Code section 1785.25(a). *See* ECF No. 1.

6

18cv00402-WQH-BGS

consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the use has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681t(b)(1)(F) of the FCRA provides: "No requirement or prohibition may be imposed under the laws of any State…with respect to any subject matter regulated under…section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

The Ninth Circuit Court of Appeals has recognized the tension between sections 1681h(e) and 1681t(b)(1)(F) of the FCRA. *See Gorman*, 584 F.3d at 1165–67 ("Attempting to reconcile the two sections has left district courts in disarray"). Numerous district courts have held that a state law claim that implicates the responsibilities of persons who furnish information to a consumer reporting agency are preempted by section 1681t(b)(1)(F), regardless of whether the plaintiff pleads malice or willful intent to injure. *See Breidenbach v. Experian*, 2013 WL 1010565 *7 (S.D. Cal. Mar. 13, 2013); *Miller v. Bank of America, Nat. Ass'n*, 858 F. Supp. 2d 1118, 1125–26 (S.D. Cal. 2012); *El-Aheidab v. Citibank (South Dakota)*, N.A., 2012 WL 506473 *6 (N.D. Cal. Feb. 15, 2012); *Buraye v. Equifax*, 625 F.Supp.2d 894, 900–01 (C.D. Cal. 2008); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005).

In this case, White alleges that NFCU owed him a duty of care and that NFCU breached this duty "in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about [White], and attempted collection of the subject accounts[.]" (ECF No. 1 at 16). White's defamation claim against NFCU is similarly premised on allegations that NFCU provided defamatory information to consumer reporting agencies. *See id.* at 5, 16–17. Both the negligence claim and the defamation claim are premised on activity regulated under section 1681s-2(b) of

7

the FCRA. Under section 1681t(b)(1)(F), the defamation and negligence claims are preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F). Further, White's defamation and negligence claims cannot proceed under section 1681h(e) in this case. Even if section 1681h(e) excludes certain claims from preemption, White fails to allege sufficient facts to support a plausible inference of "malice or willful intent to injure" by NFCU. 15 U.S.C. § 1681h(e). Accordingly, the defamation and negligence causes of action are preempted by the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F).

## V. DEFENDANT TRANS UNION MOTION TO DISMISS (ECF No. 16)

White brings the following causes of action against Defendant Trans Union: violation of the FCRA, 15 U.S.C. § 1681e(b); violation of the FCRA, 15 U.S.C. § 1681i(a); violation of the FCRA, 15 U.S.C. § 1681i(c); negligence; and, defamation.

### A. Fair Credit Reporting Act Claims

Trans Union contends that White alleges facts related to "furnishers of credit information, not credit reporting agencies such as Trans Union." (ECF No. 16 at 4). Trans Union contends that allegations that Trans Union failed to report a notice of dispute do not support a FCRA claim because consumer reporting agencies have no duty to report a notice of dispute under the FCRA. *Id.* at 4–5. With respect to the FCRA claim under section 1681i(c), Trans Union additionally contends that White fails to allege any facts regarding a failure to provide a "statement of dispute." *Id.* at 5.

White contends that his claims "center[] around [Trans Union's] failure to investigate and validate the erroneous information reported by [NFCU]." (ECF No. 24 at 6). White contends that Trans Union is a consumer reporting agency with the "duty to investigate and report valid and correct information through their CDV/ACDV/UDF/AUDF processes." *Id.* With respect to the FCRA claim under section 1681i(c), White asserts that he provided a statement of dispute and Trans Union failed to report the statement of dispute. *Id.* at 6–7.

#### 1. violation of the FCRA, 15 U.S.C. § 1681e(b)

Section 1681e(b) of the FCRA governs the accuracy of reports and provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A consumer reporting agency is "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C § 1681a(e). To establish a prima case for a violation of section 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "[A]n agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.*

In this case, White alleges that Trans Union is a consumer reporting agency and brings a cause of action against Trans Union under section 1681e(b) in its capacity as a consumer reporting agency. White alleges that he sent five notices of dispute to Trans Union from November 2017 to January 2018 and informed Trans Union that he disputed information related to accounts with NFCU. (ECF No. 1 at 4–5, 8). White alleges that Trans Union was aware of White's disputes but continued to report inaccurate information and failed to properly note the disputes in its reports. *Id.* at 8–9. White alleges that NFCU failed to "adopt and follow 'reasonable procedures' to assure the maximum possible accuracy of [White's] consumer credit and other personal information . . . which they compiled, used and manipulated, in order to prepare consumer reports [and] credit scores[.]" *Id.* at 8. Viewed in the light most favorable to the plaintiff and assuming all factual allegations to be true, White alleges sufficient facts to support a reasonable inference that Trans Union reported inaccurate information and failed to use reasonable procedures to assure the accuracy of information contained in credit reports related to White. *Guimond*, 45 F.3d at 1233 (9th Cir. 1995); *see also Sanchez v. Dep't Stores Nat'l Bank*, No. 17-CV-1675 DMS (MDD), 2017 WL 5138294, at *2 (S.D. Cal. Nov. 6, 2017).

### 2. violation of the FCRA, 15 U.S.C. § 1681i(a)

To ensure that credit reports are accurate, the FCRA requires consumer reporting agencies to conduct a reasonable "reinvestigation" of reported credit information when the completeness or accuracy of an item of information is challenged. 15 U.S.C. § 1681i(a). Section 1681i(a)(1)(A) provides that

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

In this case, White alleges that Trans Union is a consumer reporting agency and brings a cause of action against Trans Union under section 1681i(a) in its capacity as a consumer reporting agency. White alleges that he advised Trans Union on "multiple occasions" that the information in their reports were false and "demanded that the data be removed from their consumer reports and data files." (ECF No. 1 at 8; *see also id.* at 5). White alleges that Trans Union failed to perform a proper investigation or reinvestigation of the disputes. *Id.* at 8. White alleges that Trans Union was aware of the allegedly "inadequate and illegal investigation/reinvestigation." *Id.* at 9. White contends that Trans Union failed to take the steps necessary to prevent further inaccuracies on his credit data file. *Id.* The Court concludes that White alleges facts sufficient to support his claim that Trans Union failed to conduct a reasonable reinvestigation following his consumer dispute. 15 U.S.C. § 1681i(a)(1)(A). Trans Union's motion to dismiss the FCRA claim under 15 U.S.C. § 1681i(a) is denied.

### 3. violation of the FCRA, 15 U.S.C. § 1681i(c)

Section 1681i(c) of the FCRA provides:

> Notification of consumer dispute in subsequent consumer reports. Whenever a statement of a dispute is filed . . . the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

15 U.S.C. § 1681i(c).

In this case, White alleges that Trans Union is a consumer reporting agency and brings a cause of action against Trans Union under section 1681i(a) in its capacity as a consumer reporting agency. White alleges that he sent five notices of dispute to Trans Union from November 2017 to January 2018 and informed Trans Union that he disputed information related to accounts with NFCU. (ECF No. 1 at 4–5; 8). White alleges that Trans Union continued to report inaccurate information and failed to note the disputes in its reports related to White's accounts. *Id.* at 8–9. White alleges that Trans Union fails to "employ reasonable procedures to mark as disputed the various accounts contested by Plaintiff." *Id.* at 10. The Court concludes that White alleges sufficient facts to support a reasonable inference that Trans Union failed to "clearly note that [information] is disputed by the consumer" and "provide either the consumer's statement or a clear and accurate codification or summary thereof." *See* 15 U.S.C. § 1681i(c). Trans Union's motion to dismiss the claim for a violation of section 1681i(c) of the FCRA is denied.

### B. Negligence and Defamation

Trans Union contends that the negligence claim is barred as a matter of law by section 1681h(e) of the FCRA because negligence, by definition, does not involve any "malice or willful intent to injure." (ECF No. 16 at 3–4, 6). Trans Union contends that the defamation claim is barred by section 1681h(e) because White fails to allege facts sufficient to support a reasonable inference that Trans Union acted with malice or willful intent to injure. *Id.* at 6. White contends that he has adequately "identified in his factual allegations and [c]ounts" actions that support a claims for negligence and defamation. (ECF No. 24 at 8). White contends, "Plaintiff made disputes and demands for [Trans Union] to report

his dispute. [Trans Union] refused to make the necessary report. This is a malicious act on the part of [Trans Union.]" *Id.*

Section 1681h(e) of the FCRA states:

> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

White's negligence and defamation claims are barred under section 1681h(e) in the absence of "malice or willful intent to injure" on the part of Trans Union. *Id.* White alleges that Trans Union acted "recklessly, maliciously and/or intentionally" while publishing false information "with reckless disregard for the truth of the matters asserted." (ECF No. 1 at 16–17). However, White fails to allege facts in support of this legal conclusion. *See Iqbal*, 556 U.S. at 678. White does not allege any facts to demonstrate that Trans Union acted with malice or willful intent to injure. The motion to dismiss is granted with respect to the negligence and defamation claims against Trans Union.

**C. Declaratory and Injunctive Relief Under the FCRA**

Trans Union contends that equitable, declaratory, and injunctive relief is not available under the FCRA pursuant to the language of sections 1681n and 1681o. (ECF No. 16 at 7). Trans Union contends that "[i]f Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy[.]" *Id.* at 8. White contends that "equitable powers can be invoked unless Congress gives a 'clear command' that they are excluded."

(ECF No. 24 at 10). White contends that there is no "clear command" that the FCRA excludes equitable relief to private plaintiffs. *Id*.

Sections 1681n and 1681o create a private right of action under the FCRA and limit the remedies for private rights of actions to damages and attorneys' fees. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); 15 U.S.C. § 1681n; 15 U.S.C. § 1681o. By comparison, the FCRA affirmatively grants the remedy of injunctive relief to the Federal Trade Commission ("FTC"). *See* 15 U.S.C. § 1681s(a)(1). The Fifth Circuit Court of Appeals has held that,

> [T]he affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). This Court similarly concludes that injunctive and declaratory relief is not available to private plaintiffs under the FCRA. *See Petrou v. Navient Corp.*, No. 17CV02033BTMJLB, 2018 WL 3020160, at *4 (S.D. Cal. June 15, 2018) ("[E]ven assuming Plaintiff had adequately pled a claim under the FCRA, Plaintiff's request for declaratory relief would not be available to him."); *Yeagley v. Wells Fargo & Co.*, No. C 05-03403 CRB, 2006 WL 193257, at *2 (N.D. Cal. Jan. 23, 2006) ("By limiting the remedies for private right of actions [under the FCRA] to damages and attorneys' fees Congress demonstrated that it did not intend for private litigants to obtain injunctive or declaratory relief."); *Purcell v. Spokeo, Inc.*, 2014 WL 4187157, at *6 (C.D. Cal. Aug. 25, 2014) ("To [the] extent [plaintiff's declaratory relief claim] is premised on [defendant's] alleged violation of the FCRA, equitable relief is not available."). *But see Engelbrecht v. Experian Info. Servs., Inc.*, No. EDCV 12-01547 VAP, 2012 WL 10424896, at *5 (C.D. Cal. Nov. 6, 2012) ("[T]he Court finds that equitable relief is available to private plaintiffs under the FCRA.").

To the extent that White's requests for declaratory or injunctive relief are premised on violations of the FCRA, injunctive relief and declaratory relief is not available.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss filed by Navy Federal Credit Union is granted. (ECF No. 4).

IT IS FURTHER ORDERED that the motion to dismiss filed by Trans Union LLC is GRANTED with respect to negligence, defamation, and requests for injunctive and declaratory relief. The motion to dismiss is otherwise denied. (ECF No. 16).

Dated: August 3, 2018

Hon. William Q. Hayes
United States District Court